IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RICHARD EDWARD FRYE and )
FRAUKE SHEPHARD-FRYE, )
                                         )
    Plaintiff, )
                                         )
v. )   CIVIL ACTION NO. CV-
                                         )   3:08cv158
ULRICH GMBH & CO. KG and )
ULRICH MEDICAL, USA, INC., )
                                       )
    Defendants. )

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

COMES NOW the Defendant Ulrich Medical USA, Inc. (hereinafter "Ulrich Medical USA"), and pursuant to Rule 12(b)(2), appears specially and for the limited purpose of moving the Court to dismiss the Plaintiff's Complaint for a lack of personal jurisdiction. As grounds, Ulrich Medical USA states as follows:

1. On January 23, 2008, the Plaintiffs filed this action against Ulrich Medical USA and Ulrich GmbH & Co. KG (hereinafter "Ulrich GmbH").

2. On February 8, 2008, Ulrich Medical USA was served with a copy of the Summons and Complaint. Also on that date, the Plaintiff attempted to serve Ulrich GmbH with a copy of the Summons and Complaint.[1]

---

[1] Contemporaneously herewith, Ulrich GmbH has filed a Motion To Quash the Plaintiffs' attempted, but improper, service of process on it. Not only did the Plaintiffs attempt to serve Ulrich GmbH with a copy of the Summons and Complaint at the wrong address and in the wrong country, but the Plaintiffs failed to serve Ulrich GmbH through the Hague Convention on Service Abroad on Judicial and Extra-judicial Documents in Civil or Commercial Matters (hereinafter the "Hague Convention"). See Fed. R. Civ. P. 4(f)(1),

DOCSBHM\1545948\1\

3.   On March 5, 2008, Ulrich Medical USA removed this case pursuant to 28 U.S.C. § 1332, 1441, and 1446, as amended. Also on that date, Ulrich GmbH appeared specially and for the limited purpose of consenting to and joining in Ulrich Medical USA's removal.

4.   The Plaintiffs' claims against Ulrich Medical USA must be dismissed because this Court lacks personal jurisdiction over it. The plaintiff has the burden of establishing a prima facie case of personal jurisdiction over a non-resident defendant. *Meier v. Sun Int'l Hotels, Ltd.,* 288 F.3d 1264, 1268 (11th Cir. 2002). In determining whether a court can exercise personal jurisdiction over a non-resident defendant, the Eleventh Circuit follows a two-pronged analysis. *Meier,* 288 F.3d at 1269; *Madara v. Hall,* 916 F.2d 1510, 1515-16 (11th Cir. 1990).

First, the plaintiff must demonstrate that the non-resident defendant has sufficient "minimum contacts" with the state so that under the circumstances, it is fair and reasonable to require the defendant to come into this state to defend the action; in other words, whether the defendant's actions satisfy the state's long-arm statute. *Id.;* Ala. R. Civ. P. 4.2. Second, if satisfied, the court must then determine whether the defendant has sufficient minimum contacts with the forum state such that the requirements of due process are met. *Meier,* 288 F.3d at 1276. This second prong is satisfied if the defendant had sufficient minimum contacts with the forum state and that the suit would not "offend traditional notions of fair play and substantial justice." *Madara,* 916 F.2d at 1516.

5.   Here, the Plaintiffs cannot meet their burden of establishing that this Court has personal jurisdiction over Ulrich Medical USA. First, Ulrich Medical USA is a Missouri corporation, with its principal place of business in St. Louis, Missouri. Second, Ulrich Medical

---

(h)(2); Ala. R. Civ. P. 4.4(1); *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 699 (1988); Art. 2, 20 U.S.T. 361, I.I.A.S. 6638, 658 U.N.T.S. 163.

USA did not design, manufacture, or distribute the product at issue in this case. Third, since its incorporation in January 2006, Ulrich Medical USA has made no sales in the State of Alabama. In fact, as set forth in the Plaintiffs' Complaint, the medical device at issue was implanted in Germany (Complaint, ¶14). In short, Ulrich Medical USA has had no contacts with the State of Alabama, nor has it otherwise purposefully availed itself to the protection of the laws of the State of Alabama sufficient to subject itself to the jurisdiction of this Court or any other court in the State of Alabama.

6. Under the well-settled Eleventh Circuit law, the Plaintiffs cannot meet their heavy burden of demonstrating that Ulrich Medical USA is subject to this Court's personal jurisdiction. Not only does Ulrich Medical USA lack the sufficient "minimum contacts" with the State of Alabama, but also subjecting it to this Court's jurisdiction would offend traditional notions of fair play and substantial justice. *See Meier,* 288 F.3d at 1268-69; *Madara,* 916 F.2d at 1514-16.

7. Ulrich Medical USA respectfully requests that, in addition to this Court taking jurisdiction of this matter pursuant to 28 U.S.C. § 1332, 1441, and 1446, as amended, this Court enter a briefing schedule allowing Ulrich Medical USA to file a more detailed brief and submit evidence in support of this Motion.

WHEREFORE, PREMISES CONSIDERED, Ulrich Medical USA, Inc. respectfully request that this Court dismiss the Plaintiff's claims in their entirety for a lack of personal jurisdiction.

_____
JAMES B. CARLSON (ASB-7129-S78J)
CHRISTOPHER S. BERDY (ASB-4358-R68C)

Attorneys for Ulrich Medical U.S.A., Inc.

**OF COUNSEL:**

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel:   (205) 930-5100
Fax:   (205) 930-5101

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record, by United States mail, postage prepaid, and properly addressed on this 5th day of March, 2008 as follows:

Jackson B. Harrison
The Harrison Firm, LLC
8425 Crossland Loop
Montgomery, Alabama 36117

_____
OF COUNSEL