**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD EDWARD FRYE and | ) | |
| FRAUKE SHEPHARD-FRYE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | **CIVIL ACTION NO. CV-** |
| ULRICH GMBH & CO. KG and | ) | 3: 08 cv 158 |
| ULRICH MEDICAL, USA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO QUASH

COMES NOW Defendant Ulrich GmbH & Co. KG (hereinafter "Ulrich GmbH"), and appears specially, not to be construed as a general appearance for purposes of this litigation, for the limited purpose of moving this Court for an Order quashing the Plaintiffs' attempt at service of process upon it. As grounds, Ulrich GmbH states as follows:

1.    On or about January 23, 2008, the Plaintiffs filed this Complaint, naming as a defendant Ulrich GmbH. In the Summons, the Plaintiffs requested service of process on "Ulrich GmbH & Co. KG" at the following address: "225 Chesterfield Indust., St. Louis, MO 63005." However, in the Complaint, the Plaintiffs requested service of process by certified mail on "Ulrich GmbH & Co. KG" at the following address: "Buchbrunnenweg 12, 89081 Ulm, Germany."[1] Despite this request, a copy of the Summons and Complaint was sent by certified mail to "Ulrich GmbH & Co. KG" at the following address: "225 Chesterfield Indust., St. Louis, MO 63005."[2]

---

[1] A copy of the Summons and Complaint is attached hereto as Exhibit "A."

[2] At the time of filing this motion, the state court records did not reflect service upon Ulrich Medical USA or Ulrich GmbH. However, a copy of the certified mail certificate and envelopes

2.     The Federal Republic of Germany is a member of the Hague Convention on Service Abroad on Judicial and Extra-judicial Documents in Civil or Commercial Matters (hereinafter the "Hague Convention"). *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988); Art. 2, 20 U.S.T. 361, I.I.A.S. 6638, 658 U.N.T.S. 163. Ulrich GmbH is a corporation organized and operating under the laws of the Federal Republic of Germany. As such, the Plaintiffs are required to effect service of process on Ulrich GmbH through the Hague Convention. Having failed to do so, the February 8, 2008, service of process on Ulrich GmbH at "225 Chesterfield Indust., St. Louis, MO 63005" is improper, ineffective, and must be quashed.

3.     Rule 4(c)(6) of the Alabama Rules of Civil Procedure requires that service of process may be effected upon a foreign corporation "by serving an officer, a partner..., a managing or general agent, or any agent authorized by appointment or by law to receive service of process." Rule 4.4(1) of the Alabama Rules of Civil Procedure require that service of process in a foreign country may be effected by "any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents [hereinafter the "Hague Convention"]."

4.     Similarly, Rule 4(f)(1) of the Federal Rules of Civil Procedure states that "service upon an individual ... may be effected in a place not within any judicial district of the United States ... by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention ..."  Regarding service of process on foreign corporations, Rule 4(h)(2) of the Federal Rules of Civil Procedure states that "service upon a domestic or foreign corporation ... shall be effected ... in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) ..."

---

obtained from the U.S. Postal Service indicates that both Defendants were served at this address. A copy of the certified mail certificate and envelopes is attached hereto as Exhibit "B."

5.     The Hague Convention governs in all civil and commercial cases where a party transmits a judicial or extrajudicial document for service abroad. *Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct. for the S.D. of Iowa,* 482 U.S. 522, 534 n.15 (1987). When a matter falls within the scope of the Hague Convention, service must be made strictly according to its guidelines. *Societe Nationale,* 482 U.S. at 534 n.15.  Where the Federal Rules of Civil Procedure and the Hague Convention conflict, the Hague Convention prevails.   *See Ackermann v. Levine,* 788 F.2d 830, 840 (2nd Cir. 1986).  Thus, the Hague Convention preempts inconsistent methods of service prescribed by state law in all cases to which it applies. *Schlunk,* 486 U.S. at 699.

6.     Here, service of the Summons and Complaint on Ulrich GmbH is insufficient and improper.  First, the Plaintiffs attempted to serve Ulrich GmbH with a copy of the Summons and Complaint at the wrong address (Exhibits A & B).  Ulrich GmbH's address and agent for service of process is not located at "225 Chesterfield Indust., St. Louis, MO 63005."

7.     Second, the Plaintiffs are required, but failed to, serve Ulrich GmbH through the Hague Convention.  Ulrich GmbH is a corporation organized and operating under the laws of the Federal Republic of Germany.  As a German corporation, Ulrich GmbH is only properly served with the Summons and Complaint in this case through the means set forth in the Hague Convention. *See* Fed. R. Civ. P. 4(f)(1), (h)(2); Ala. R. Civ. P. 4.4(1).  The Plaintiffs have failed to serve Ulrich GmbH by the express guidelines set forth in the Hague Convention.

8.     For the foregoing reasons, the Plaintiffs' attempt to serve the Summons and Complaint on Ulrich GmbH must be quashed.

WHEREFORE, PREMISES CONSIDERED, the named Defendant Ulrich GmbH & Co. KG respectfully requests, through its special and limited appearance, that this Court quash the Plaintiffs' attempt at service of process upon it.

_____
JAMES B. CARLSON (ASB-7129-S78J)
CHRISTOPHER S. BERDY (ASB-4358-R68C)

Attorneys for Defendant
Ulrich GmbH & Co. KG

**OF COUNSEL**:

SIROTE & PERMUTT, P.C.
2311 Highland Avenue South
P.O. Box 55727
Birmingham, AL 35255-5727
(205) 930-5100
(205) 930-5101

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record, by United States mail, postage prepaid, and properly addressed on this 5th day of March, 2008 as follows:

Jackson B. Harrison
The Harrison Firm, LLC
8425 Crossland Loop
Montgomery, Alabama 36117

_____
OF COUNSEL

# EXHIBIT "A"

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>46-CV-2008-900004.00<br>Date of Filing:<br>01/23/2008 | ELECTRONICALLY FILED<br>1/23/2008 5:12 PM<br>2008-900004.00<br>CIRCUIT COURT OF<br>MACON COUNTY, ALABAMA<br>DAVID LOVE, JR., CLERK |
|---|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT OF MACON COUNTY, ALABAMA**
**RICHARD EDWARD FRYE ET AL v. ULRICH GMBH & CO. KG ET AL**

First Plaintiff: ☐ Business ☑ Individual ☐ Government ☐ Other

First Defendant: ☑ Business ☐ Individual ☐ Government ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☑ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawfyul Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ Yes ☐ No

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** HAR285   1/23/2008 5:11:19 PM   /s JACKSON HARRISON

**MEDIATION REQUESTED:** ☐ Yes ☑ No ☐ Undecided

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>46-CV-2008-900004.00 |
| --- | --- | --- |

**IN THE CIVIL COURT OF MACON, ALABAMA**
**RICHARD EDWARD FRYE ET AL v. ULRICH GMBH & CO. KG ET AL**

NOTICE TO    ULRICH MEDICAL USA, INC, 225 CHESTERFIELD INDUST., ST. LOUIS MO, 63005

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JACKSON HARRISON

WHOSE ADDRESS IS 8425 CROSSLAND LOOP, MONTGOMERY AL, 36117

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    RICHARD EDWARD FRYE
pursuant to the Alabama Rules of the Civil Procedure

| 1/23/2008 5:12:39 PM | /s DAVID LOVE, JR. | |
| --- | --- | --- |
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s JACKSON HARRISON

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____

Date

_____

Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>46-CV-2008-900004.00 |
|---|---|---|

**IN THE CIVIL COURT OF MACON, ALABAMA**
**RICHARD EDWARD FRYE ET AL v. ULRICH GMBH & CO. KG ET AL**

NOTICE TO <u>ULRICH GMBH & CO. KG, 225 CHESTERFIELD INDUST., ST. LOUIS MO, 63005</u>

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY <u>JACKSON HARRISON</u>

WHOSE ADDRESS IS <u>8425 CROSSLAND LOOP, MONTGOMERY AL, 36117</u>

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    <u>RICHARD EDWARD FRYE</u>
pursuant to the Alabama Rules of the Civil Procedure

| <u>1/23/2008 5:12:39 PM</u> | <u>/s DAVID LOVE, JR.</u> | _____ |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    <u>/s JACKSON HARRISON</u>
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____                _____
Date                          Server's Signature

ELECTRONICALLY FILED
1/23/2008 5:12 PM
CV-2008-900004.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | | |
|---|---|---|
| RICHARD EDWARD FRYE and | ) | |
| FRAUKE SHEPHARD-FRYE, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **CASE NO. CV-2008_____** |
| | ) | |
| ULRICH GMBH & Co. KG and | ) | **JURY TRIAL DEMANDED** |
| ULRICH MEDICAL USA, INC, | ) | |
| | ) | |
|     Defendants. | ) | |

### COMPLAINT

### I. PARTIES

COMES NOW Plaintiffs, RICHARD EDWARD FRYE and FRAUKE SHEPHARD-FRYE, by and through counsel and respectfully pleads and alleges as follows:

1.    Plaintiff, RICHARD EDWARD FRYE (Hereinafter called Frye), is an individual who is over the age of nineteen and resides in Dale County, Alabama. Frye is the Husband of Plaintiff FRAUKE SHEPHARD-FRYE.

2.    Plaintiff, FRAUKE SHEPHARD-FRYE (Hereinafter called Shephard-Frye), is an individual who is over the age of nineteen and resides in Dale County, Alabama. Shephard-Frye is the Wife of Plaintiff Frye.

3.    Defendant ULRICH GMBH & Co. KG (Hereinafter called GMBH), is a German entity whose address is Buchbrunnenweg 12, 89081 Ulm, Germany.

4.    Defendant ULRICH Medical USA, INC(Hereinafter called USA), is a Missouri corporation whose address is 225 Chesterfield Industrial Blvd., St. Louis, MO 63005.

## II. JURISDICTION AND VENUE

5.    This Court has jurisdiction over this action pursuant to Ala. Code § 12-11-30(1).

6.    This Court has venue over this action pursuant to Ala. Code § 6-3-7(a)(1).

## III. FACTUAL ALEGATIONS

7.    Defendants, GMBH and USA, manufacture, market and sale a medical device known as an Anterior Distraction Device Plus (Hereinafter called ADD Plus).

8.    Defendants, GMBH and USA, market the medical device ADD Plus to United States Service Personnel around the world, even though the ADD Plus is not approved by the United States Food and Drug Administration for use in the United States.

9.    Defendants, GMBH and USA, marketed the medical device ADD Plus for use in medical procedures such as Cervical Stenosis, even though the uniform medical opinion is that if a patient should require surgery to correct Cervical Stenosis the standard medical procedure is to use a cadaver bone to fuse the spine rather than an artificial device such as the ADD Plus.

10.  On or about November 2, 2005 the Plaintiff, Frye, was diagnosed with Cervical Stenosis while serving in the United States Army in Germany.

11.  On or about January 23, 2006 the Plaintiff, Frye, was introduced to the medical device ADD Plus marketed by Defendants, GMBH and USA.

12.  On or about January 23, 2006 the Plaintiff Frye was assured by Defendants, GMBH and USA, by and through his medical physician Dr. E-M. Buchholz of the Euromed Clinic in Furth, Germany, that the ADD Plus was the best known device in the world to correct the disease known as Cervical Stenosis.

13.  On or about January 23, 2006 the Plaintiff Frye was assured by Defendants, GMBH and USA, by and through his medical physician Dr. E-M. Buchholz of the Euromed Clinic in Furth, Germany, that the ADD Plus was the uniform procedure to correct the disease known as Cervical Stenosis.

14.  On or about January 23, 2006 the Defendants, GMBH and USA, by and through his medical physician Dr. E-M. Buchholz of the Euromed Clinic in Furth, Germany, sold and implanted a defective ADD Plus in the Plaintiff to correct his medical condition known as Cervical Stenosis.

15. The ADD Plus sold and implanted in the Plaintiff, Frye, by the Defendants, GMBH and USA, was a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer.

16. The Defendants, GMBH and USA, are engaged in the business of selling the ADD Plus.

17. The Plaintiff, Frye, did not receive any warnings at all about any possible defects with the ADD Plus.

18. In early February 2007 the ADD Plus malfunctioned and broke while the Plaintiff Frye was pumping gas in Tuskegee, AL.

19. On or about February 21, 2007 the Plaintiff was informed by medical diagnosis that the ADD Plus malfunctioned and broke even though it was implanted and used as the product was intended to be used when it was sold to the Plaintiff, Frye.

20. The Plaintiff, Frye, was underwent surgery at Flowers Hospital in Dothan, AL to remove the malfunctioned and broken ADD Plus and replace it with a cadaver bone that fused his spine.

## IV. CAUSES OF ACTION

### COUNT 1- ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE

21.  Plaintiffs reallege all allegations and averments contained in paragraphs (1) through (20) as if fully set out herein.

22.  This action is brought pursuant to the Code of Alabama 1975 § 6-5-521.

23.  Defendants, GMBH and USA, are sellers engaged in the business of selling the medical device ADD Plus.

24.  Defendants, GMBH and USA, expected that the ADD Plus device would reach the Plaintiff, Frye, without substantial change form when it was sold.

25.  The ADD Plus did reach the Plaintiff, Frye, as the ultimate consumer without substantial change from when it was sold.

26.  Defendants, GMBH and USA, manufactured, designed and sold a defective product, the ADD Plus, which, because of its unreasonably unsafe condition, injured the Plaintiff, Frye, when the ADD Plus, substantially unaltered, was put to its intended use.

27.  Defendants, GMBH and USA, caused the Plaintiff, Frye, personal injury by manufacturing, designing and selling a defective product, the ADD Plus, which reached the Plaintiff, Frye, in an substantially unaltered and

unreasonably unsafe condition , and Plaintiff, Frye, used the ADD Plus according to its intended use.

WHEREFORE, Plaintiff, Frye, demands judgment against the Defendants, GMBH and USA, for all actual and consequential damages caused the Plaintiff, Frye, by the Defendants, GMBH and USA. Further, Plaintiff, Frye, demands judgment against Defendants, GMBH and USA, for punitive damages.

## COUNT 2-NEGLIGENCE

28.   Plaintiffs reallege all allegations and averments contained in paragraphs (1) through (27) as if fully set out herein.

29.   Defendants, GMBH and USA, owed the Plaintiff, Frye, a duty of care not to cause him damage.

30.   Defendants, GMBH and USA, breached stated duty by selling the Plaintiff, Frye, as the ultimate consumer a defective product, the ADD Plus.

31.   Defendants, GMBH and USA, caused the Plaintiff, Frye, damage as a factual and proximate cause of stated breach of duty.

WHEREFORE, Plaintiff, Frye, demands judgment against the Defendants, GMBH and USA, for all actual and consequential damages caused the Plaintiff, Frye, by the Defendants, GMBH and USA. Further, Plaintiff, Frye, demands

judgment against Defendants, GMBH and USA, for punitive damages.

**COUNT 3-NEGLIGENT MISREPRESENTATION**

32. Plaintiffs reallege all allegations and averments contained in paragraphs (1) through (31) as if fully set out herein.

33. Defendants, GMBH and USA, negligently misrepresented to the Plaintiff, Frye, that the medical device ADD Plus was widely used to correct the disease of Cervical Stenosis.

34. Defendants, GMBH and USA, negligently misrepresented to the Plaintiff, Frye, that the medical device ADD Plus was approved for use in the United States by the U.S. Food and Drug Administration.

35. Plaintiff, Frye, believed stated misrepresentations of the Defendants, GMBH and USA, and relied on them to his detriment.

36. Plaintiff, Frye, was factually and proximately caused to suffer damage because of the stated misrepresentations of the Defendants, GMBH and USA.

WHEREFORE, Plaintiff, Frye, demands judgment against the Defendants, GMBH and USA, for all actual and consequential damages caused the Plaintiff, Frye, by the Defendants, GMBH and USA. Further, Plaintiff, Frye, demands

judgment against Defendants, GMBH and USA, for punitive damages.

**COUNT 3-BREACH OF IMPLIED WARRANTY FOR A PARTICULAR PURPOSE**

37.   Plaintiffs reallege all allegations and averments contained in paragraphs (1) through (36) as if fully set out herein.

38.   Defendants, GMBH and USA, by implication warranted to the Plaintiff, Frye, that the ADD Plus was fit for a particular purpose, namely fit to treat and correct the disease of Cervical Stenosis.

39.   Defendants, GMBH and USA, breached stated implied warranty for a particular purpose because the ADD Plus sold and implanted in the Plaintiff, Frye, was unfit for the treatment of his disease Cervical Stenosis.

40.   Plaintiff, Frye, was factually and proximately caused to suffer damage because of the stated breach of the implied warranty for a particular purpose.

WHEREFORE, Plaintiff, Frye, demands judgment against the Defendants, GMBH and USA, for all actual and consequential damages caused the Plaintiff, Frye, by the Defendants, GMBH and USA. Further, Plaintiff, Frye, demands judgment against Defendants, GMBH and USA, for punitive damages.

**COUNT 4- BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

41.  Plaintiffs reallege all allegations and averments contained in paragraphs (1) through (40) as if fully set out herein.

42.  This action is brought pursuant to the Code of Alabama 1975 § 7-2-314.

43.  Defendants, GMBH and USA, by implication warranted to the Plaintiff, Frye, that the ADD Plus was merchantable.

44.  Defendants, GMBH and USA, breached stated implied warranty merchantability because the ADD Plus sold and implanted in the Plaintiff, Frye, was defective.

45.  Plaintiff, Frye, was factually and proximately caused to suffer damage because of the stated breach of the implied warranty of merchantability.

WHEREFORE, Plaintiff, Frye, demands judgment against the Defendants, GMBH and USA, for all actual and consequential damages caused the Plaintiff, Frye, by the Defendants, GMBH and USA. Further, Plaintiff, Frye, demands judgment against Defendants, GMBH and USA, for punitive damages.

**COUNT 5- LOSS OF CONSORTIUM**

46.  Plaintiffs reallege all allegations and averments contained in paragraphs (1) through (45) as if fully set out herein.

47.  Plaintiff, Sherphard-Frye, was factually and proximately caused to suffer loss of consortium because of the wrongful acts of the Defendants, GMBH and USA.

WHEREFORE, Plaintiff, Sherphard-Frye, demands judgment against the Defendants, GMBH and USA, for all actual and consequential damages caused the Plaintiff, Sherphard-Frye, by the Defendants, GMBH and USA.

### V.    PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiffs respectfully pray that this Court:

(a)  Assume jurisdiction over this action;

(b)  Empanel a jury to decide such triable issues as may exist in this case;

(c)  Grant to Plaintiff such relief to which it is entitled;

(d)  Make such award of costs, attorney's fees and expenses as may be permitted by law or equity.

Respectfully submitted this 23rd day of January, 2008.

/S/ JACKSON B. HARRISON
Jackson B. Harrison (HAR 285)
Attorney for Plaintiffs

/s/ DONALD R. HAARISON
Donald R. Harrison(HAR096)
Attorney for Plaintiffs


OF COUNSEL:
The Harrison Firm, LLC
8425 Crossland Loop
Montgomery, AL 36117
(334) 819-8920
(334) 819-8923 (fax)


125 West Columbus St.
Dadeville, AL 36853
(256)825-7393
(256)825-7813 Fax


**SERVE THE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

ULRICH GMBH & Co. KG
Buchbrunnenweg 12
89081 Ulm, Germany


ULRICH Medical USA, INC
Thomas J. Mitchell
754 Spirit 40 Park Drive
Chesterfield MO 63005

# EXHIBIT "B"



**STATE OF ALABAMA**
**UNIFIED JUDICIAL SYSTEM**
**DAVID R. LOVE, JR.**
**Circuit Court Clerk**
P.O. Box 830723
Tuskegee, Alabama 36083
Phone: 724-2614



**CERTIFIED MAIL**™

7007 0710 0003 2804 5082



ULRICH GMBH & CO. KG
225 CHESTERFIELD INDUSTRIAL PARK
ST. LOUIS, MO 63005





**STATE OF ALABAMA**
**UNIFIED JUDICIAL SYSTEM**
**DAVID R. LOVE, JR.**
**Circuit Court Clerk**
P.O. Box 830723
Tuskegee, Alabama 36083
Phone: 724-2614



**CERTIFIED MAIL**™

7007 0710 0003 2804 5099



ULRICH MEDICAL USA, INC
225 CHESTERFIELD INUSTRIAL PARK
ST. LOUSI, MO 63005





USPS - Track & Confirm

[×] USPS Homepage     [×]

Home  |  Help  |  Sign In

[×]

Track & Confirm     FAQs

[×] Track & Confirm

[×] Search Results

Label/Receipt Number: 7007 0710 0003 2804 5099
Status: Delivered

Your item was delivered at 11:21 AM on February 8, 2008
in CHESTERFIELD, MO 63005.

Enter Label/Receipt Number.

[×] Notification

Track & Confirm by email

Get current event information or updates for your item sent to you or others by email.

Site Map     Contact Us     Forms     Gov't Services     Jobs     Privacy Policy     Terms of Use     National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.     No FEAR Act EEO Data     FOIA

USPS - Track & Confirm

USPS Homepage

Home | Help | Sign In

Track & Confirm    FAQs

Track & Confirm

Search Results

Label/Receipt Number: 7007 0710 0003 2804 5082
Status: Delivered

Your item was delivered at 11:21 AM on February 8, 2008
in CHESTERFIELD, MO 63005.

Enter Label/Receipt Number.

Notification

Track & Confirm by email

Get current event information or updates for your item sent to you or others by email.

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

file://C:\Documents and Settings\Heather Humphrey\My Documents\Temp Files\USPS - Track & ...  2/11/2008