IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RICHARD EDWARD FRYE and ) | |
| FRAUKE SHEPHARD-FRYE, ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| v. ) | CASE NO. 3:08-cv-158-MEF |
| ) | |
| ULRICH GMBH & CO. KG, and ) | (WO–Do Not Publish) |
| ULRICH MEDICAL, USA, INC., ) | |
| ) | |
| DEFENDANTS. ) | |

## MEMORANDUM OPINION AND ORDER

This Case is currently before the Court on a Motion to Dismiss for Lack of Personal Jurisdiction (Doc. # 4), filed on March 6, 2008 by Defendant Ulrich Medical, USA, Inc. ("Ulrich USA"), and a Motion to Quash (Doc. # 5), filed the same day by Defendant Ulrich GmbH & Co. KG ("Ulrich GmbH"). For the reasons set forth in this Memorandum Opinion and Order, both Motions are due to be GRANTED.

### I. FACTS AND PROCEDURAL HISTORY

Plaintiffs filed this action on January 23, 2008 in the Circuit Court of Macon County, Alabama. Plaintiffs allege that Plaintiff Richard Edward Frye ("Frye") was injured when a medical device known as an Anterior Distraction Device Plus ("ADD Plus") "malfunctioned and broke." Plaintiff Frauke Shephard-Frye ("Shephard-Frye"), who is married to Frye, allegedly suffers from loss of consortium as a result of her husband's condition.

Defendants are Ulrich GmbH, a corporation organized and operating under the laws

of the Federal Republic of Germany, and Ulrich USA, a Delaware corporation with its principal place of business in Missouri. Ulrich USA is a subsidiary of Ulrich GmbH. A copy of the summons and complaint was sent by certified mail to both Ulrich GmbH and Ulrich USA at the latter's address in Missouri. Defendants removed the case to this Court on March 6, 2008. (Doc. # 1.)

Ulrich GmbH markets the ADD Plus to United States Service personnel around the world even though the ADD Plus is not approved by the United States Food and Drug Administration. Frye is one such servicemember, and a physician installed an ADD Plus in Frye's back at the Euromed Clinic in Germany while Frye was serving in the United States Army in that country. Ulrich GmbH designed, manufactured, and distributed the ADD Plus that was implanted in Frye's back.

Ulrich USA is the exclusive distributor of Ulrich GmbH products in the United States. The products and devices sold by Ulrich USA are designed and manufactured in Germany by Ulrich GmbH; Ulrich USA does not design or manufacture any products. Ulrich USA is not registered to do business in Alabama and has made no sales in the State of Alabama since its incorporation in January 2006. Ulrich USA has no offices, factories, real or personal property, product inventory, bank accounts, post office boxes, or other assets of any kind in Alabama. Ulrich USA also has no employees and no sales or distribution network in Alabama. In fact, no Ulrich USA employees have traveled to Alabama for the purpose of selling, marketing, or distributing products. Ulrich USA has never sold a product or device to any person or entity in Alabama, and Ulrich USA has made no attempts to do so. As such,

Ulrich USA does not have any customers in Alabama. Ulrich USA has never before been sued or brought suit in Alabama.

Ulrich USA has no connection to the Euromed Clinic where Dr. E-M Buscholz installed the ADD Plus in Frye's back. Dr. Buscholz is not and has never been an employee of Ulrich USA. Ulrich USA did not design, manufacture, sell, distribute, or warrant Frye's ADD Plus, and, in fact, does not design, manufacture, sell, distribute, or warrant the ADD Plus device, either domestically or in Germany. Indeed, because it is not FDA approved, the ADD Plus has never been distributed in the United States.

The ADD Plus that was installed in Frye's back in Germany in 2006 malfunctioned while he was in Tuskegee, Alabama in February, 2007. He was subsequently informed that surgery would be required to remove the broken ADD Plus. Frye and Frye's physicians then contacted Ulrich GmbH in either February or March of 2007 to obtain information about removal of the ADD Plus. In response, Ulrich GmbH supplied Frye's physicians with specialized surgical instruments. Additionally, Dr. Helmut Schoenhoeffer ("Schoenhoeffer"), a Vice President of Ulrich USA and an expert in spine surgery and spinal systems, was asked to and did consult with Frye and his physicians prior to the surgery. Specifically, Kara Todd ("Todd"), the surgery scheduler at Neurospine of Dothan, communicated with Schoenhoeffer and Daniela Fiesel ("Fiesel"), who is a customer service manager for Ulrich GmbH. Feisel told Todd to contact either herself or Schoenhoeffer if she needed further assistance and to return the specialized surgical instruments to Ulrich USA.

The telephonic and electronic communication between Schoenhoeffer and Todd, which occurred after the ADD Plus malfunctioned, was the only contact Ulrich USA had with Alabama.

A physician associated with Neurospine of Dothan ultimately removed the ADD Plus from Frye's back on March 27, 2007 at Flowers Hospital in Dothan, Alabama.

## II. STANDARD FOR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, non-resident defendant. *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). A prima facie case is established if the plaintiff presents sufficient evidence to defeat a motion for a directed verdict. *Id.* at 492. The court must construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavits or deposition testimony. *Id.* Moreover, where the evidence presented by the parties' affidavits and deposition testimony conflicts, the court must construe all reasonable inferences in favor of the non-movant plaintiff. *Delong Equip. Co. v. Wash. Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir.1988).

### III.  DISCUSSION

#### A.  Personal Jurisdiction over Ulrich USA

Defendant Ulrich USA has moved to dismiss the claims against it for lack of personal jurisdiction. A federal district court sitting in diversity may exercise personal jurisdiction to

4

the extent authorized by the law of the state in which it sits and to the extent allowed under the Constitution. *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002). The determination of personal jurisdiction over a nonresident defendant thus requires a two-part analysis. First, the court must determine whether the forum state's long-arm statute provides a basis for jurisdiction. *See Cable/Home Comm. Corp. v. Network Productions, Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). If so, the court must ascertain whether or not sufficient "minimum contacts" exist to satisfy the Due Process Clause of the Fourteenth Amendment so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)); *see also Cable/Home Comm.*, 902 F.2d at 855.

As for the first step, Alabama's long-arm statute provides for the exercise of personal jurisdiction over the defendant to the full extent permissible under the due process clause of the Fourteenth Amendment. Ala. R. Civ. P. 4.2 ("An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States"); *see also Olivier v. Merritt Dredging Co., Inc.*, 979 F.2d 827, 830 (11th Cir. 1992) (citing *Ala. Waterproofing Co., Inc. v. Hanby*, 431 So.2d 141, 145 (Ala. 1983)). Consequently, if the second step is satisfied, then so is the first. *Id.*

For the second step in the personal jurisdiction inquiry, the nonresident defendant's

5

establishing "minimum contacts" in the forum state remains the "constitutional touchstone." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985); *Int'l Shoe Co.*, 326 U.S. at 316; *see also Cable/Home Comm.*, 902 F.2d at 858-89.[1] Additionally, however, even after a court has decided that a defendant has established minimum contacts within a forum state, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with "fair play and substantial justice." *Olivier*, 979 F.2d at 834 (citing *Burger King*, 471 U.S. at 476). If not, the Court lacks jurisdiction.

Defendant Ulrich USA argues that this Court lacks personal jurisdiction over it because Ulrich USA is not subject to general personal jurisdiction in Alabama, the contacts Ulrich USA did have with Alabama occurred after the accrual of Plaintiffs' cause of action and therefore are not causally related to this action, and Ulrich USA did not purposefully direct its activities to or in Alabama. Defendants also argue that the contacts Ulrich USA had with Alabama would not lead it to expect to be haled into court in the state, and that, in any event, exercising jurisdiction over Ulrich USA does not comport with traditional notions of fair play and substantial justice. For their part, Plaintiffs contend that this Court has personal jurisdiction over Ulrich USA because it is an "agent or alter ego" of Ulrich GmbH or,

---

[1] There are two types of personal jurisdiction: specific and general. Specific personal jurisdiction is founded on a party's contacts with the forum state that are related to the cause of action. *Helicopteros Nacionales de Colombia, N.A. v. Hall*, 466 U.S. 408, 414 n.8 & 9 (1984). General personal jurisdiction arises from a party's contacts with the forum state that are unrelated to the litigation. *Id.* Because there is no plausible support for general jurisdiction over Ulrich USA, the Court addresses (and Plaintiffs argue for) only specific jurisdiction.

alternately, that Ulrich USA has sufficient minimum contacts to grant this court power over the company.

Plaintiff has not met its burden of establishing a prima facie case of personal jurisdiction over Ulrich USA. *See Meir v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268 (11th Cir. 2002). First, Ulrich USA does not have sufficient "minimum contacts" with Alabama to support the exercise of personal jurisdiction over it. Second, the exercise of jurisdiction over Ulrich USA would not comport with traditional notions of fair play and substantial justice. Finally, Plaintiff's argument that Ulrich USA is subject to this Court's jurisdiction because Ulrich GmbH is subject to this Court's jurisdiction rests on a misapplication of the relevant cases.

### 1. Minimum Contacts

The familiar "minimum contacts" test is the cornerstone of the Supreme Court's personal jurisdiction jurisprudence, but the stone was not laid properly in this case. A defendant's contacts with the forum state must satisfy three criteria in order to support jurisdiction. *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1546 (11th Cir. 1993). First, the contacts must be related to the plaintiff's cause of action or have given rise to it. *Id.* at 1546. Second, the contacts must involve some act by which the defendant purposefully availed itself of the privilege of conducting activities within the forum state thus invoking the benefits and protections of its laws. *Id.* Finally, the defendant's conduct with the forum state must be such that the defendant should reasonably anticipate being haled into court

there. *Id.* Ulrich USA's contacts with Alabama are none of these things.

First, the claim did not arise from the contacts between Ulrich USA and the State of Alabama.[2] *See Cable/Home Comm.*, 902 F.2d at 855. Plaintiffs' claims arise out of events that occurred in Germany,[3] not those that took place in Alabama.[4] Here, all contacts, related to this case or otherwise, between Ulrich USA and the forum state occurred *after* the injury occurred. The facts of this case illustrate clearly why contacts coming into existence after the cause of action arose are usually not relevant. *See Harlow*, 432 F.3d at 62.

Second, Ulrich USA did not purposefully avail itself of the privilege of conducting

---

[2]"When a claim arises out of or is related to a defendant's contacts with the forum state, the court must consider the 'relationship among the defendant, the forum, and the litigation' to determine whether the exercise of jurisdiction was consistent with due process." *Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc.*, 786 F.2d 1055, 1057 (11th Cir. 1986).The consideration of these relationships is not entirely distinct from the inquiry into purposeful availment and reasonable anticipation of being haled into court. In fact, all three are designed to ensure the exercise of jurisdiction comports with due process. Therefore, the relatedness inquiry relies upon contacts that gave rise to (i.e. were causally connected with) the cause of action, involve a party conducting activity in the state in such a way that lead to the accrual of the cause of action, or would lead the defendant to anticipate being haled into court. These considerations all concern activity and conduct prior to or surrounding the accrual of the cause of action. As a consequence, contacts coming into existence after the cause of action are usually not relevant. *Harlow v. Children's Hosp.,* 432 F.3d 50, 62 (1st Cir. 2005); *see Borg-Warner Accept. Corp. v. Lovett & Thorpe, Inc.*, 786 F.2d 1055, 1062 (11th Cir. 1986); *Rhodes v. Unisys Corp.*, 170 Fed. Appx. 681, 685 (11th Cir. 2006).

[3]Specifically, the design, manufacture, sale, distribution, and implantation of the ADD Plus, all of which happened in Germany.

[4]If, for example, Plaintiffs were making a claim that the advice provided by Ulrich USA in connection with the removal of the device violated some medical standard of care and resulted in injuries during the surgical removal of the device, the injury could have arisen from the contacts and those contacts might give rise to jurisdiction. This is not their claim, however.

activities within Alabama. Prior to the malfunction of the ADD Plus, Ulrich USA had no contact whatever with Alabama. Ulrich USA has no offices, property, products, bank accounts, post office boxes, or other assets in Alabama. Ulrich USA has no employees and no sales apparatus in Alabama, and no Ulrich USA employees have ever traveled to Alabama for the purposes of selling, marketing, or distributing products. Consequently, Ulrich USA has no customers in Alabama. In no sense can it be said that Ulrich USA "purposefully directed" its activities to Alabama residents. *See Cable/Home Comm.*, 902 F.2d at 855; *Burger King Corp.*, 471 U.S. at 472; *Helicopteros*, 466 U.S. at 414.

Finally, it was unforeseeable, in the Constitutional sense, that Ulrich USA would be haled into court in Alabama. Ulrich USA had no contact whatever with Alabama before the ADD Plus malfunctioned. Indeed, there was no way for Ulrich USA to even know this device was in the state of Alabama at all, and the only contacts Ulrich USA did have with the forum state were in response to solicitations from Plaintiffs. As discussed above, Plaintiffs' claims arise out of events that occurred in Germany, and the mere fortuity of military relocation landed an ADD Plus in Alabama. Moreover, the contacts between Ulrich USA and Alabama cannot "be such that [it] should reasonably anticipate being haled into court [h]ere" because they occurred after the injury. *Id.*

In sum, the contacts between Ulrich USA and Alabama did not give rise to the injuries complained of by Plaintiffs because the contacts occurred after the injuries. Furthermore, Ulrich USA did not purposefully avail itself of the privilege of conducting its activities in

9

Alabama and the absence of contacts prior to the injury makes it unforeseeable that Ulrich USA would be haled into the courts in Alabama. Therefore, the Court lacks personal jurisdiction over this defendant and all claims against it are due to be dismissed with prejudice.

### 2. Fair Play and Substantial Justice

Once a court has decided that a defendant has established minimum contacts within a forum state, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with "fair play and substantial justice." *Olivier v. Merritt Dredging Co.*, 979 F.2d 827, 834 (11th Cir. 1992) (citing *Burger King*, 471 U.S. at 476). As the Supreme Court has stated, other factors may serve to establish the reasonableness of personal jurisdiction upon a lesser showing of minimum contacts than would otherwise be required. *Id.* Some of these factors include: the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental substantive social policies. *Id.* The Court has considered these factors and has concluded that haling Ulrich USA into court in this state would violate traditional notions of fair play and substantial justice. This is a second basis on which Defendant's Motion is due to be granted and provides no basis for the exercise of jurisdiction upon a lesser showing of minimum contacts.

### 3. Plaintiffs' Position

Plaintiffs argue that this Court has personal jurisdiction over Ulrich USA because it is an agent of Ulrich GmbH. They rely on *Meier v. Sun Intern. Hotels, Ltd.*, 288 F.3d 1264 (11th Cir. 2002), *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499 (11th Cir. 1984), and *United Elec. Radio and Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 987 F.2d 39 (1st Cir. 1993). This argument relies on a mistaken interpretation of the agency cases. In *Meier*, the Eleventh Circuit explained that

> [g]enerally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because a forum subsidiary is doing business there. On the other hand, if the subsidiary is merely an agent through which the parent company conducts business in a particular jurisdiction or its separate corporate status is formal only and without any semblance of individual identity, then the subsidiary's business will be viewed as that of the parent and the latter will be said to be doing business in the jurisdiction for purposes of asserting personal jurisdiction.

*Meier*, 288 F.3d at 1272. Therefore, under *Meier*, a principal can be subjected to the jurisdiction of a court because of the actions of its agent. *Gulf Coast Fans* and *United Electric Radio* stand for similar propositions.[5] What these cases do not say is that the agent can be subjected to jurisdiction because of the actions of the principal. This is Plaintiffs' argument, which is invalid because it turns the principal-agent relationship on its head. Moreover, and more central to the problem with exercising jurisdiction in this case, the

---

[5]*Gulf Coast Fans* broadly stands for the same proposition, though it is weak precedent, as the Eleventh Circuit's holding was simply that the district court abused its discretion by failing to consider the question of personal jurisdiction over the principal in the context of a Rule 60(b) motion. *See* 740 F.2d at 1511. The Eleventh Circuit noted that the principal had a "very strong claim" that the district court lacked jurisdiction, and was "entitled to a definitive ruling" on the issue. *Id.*

contacts between Ulrich USA and Frye do not meet the minimum contacts requirement because the *contacts* arose from the *injury* rather than the other way around.  By contrast, the contacts in *Meier* and *United Electric Radio* met the due process requirements: the contacts that resulted in jurisdiction over the principal met the minimum contacts requirement because the *injuries* arose from *contacts*.  Therefore, Plaintiffs' arguments cannot support the exercise of personal jurisdiction over Ulrich USA.

### B.  Service of Process on Ulrich GmbH

In a separate Motion to Quash, Defendant Ulrich GmbH requests an order from this Court quashing Plaintiffs' attempt at service of process upon it because the service did not comply with the Hague Convention.  Plaintiffs in their response "admit that service did not conform to the guidelines of the Hague Convention."  Therefore, Defendant's Motion is due to be granted.

The facts surrounding this service of process are as follows: On January 23, 2008, Plaintiff filed the complaint, which requested service of process on defendant Ulrich GmbH at "Buchbrunnenweg 12, 89081 Ulm, Germany."  The Summons, however, requested service of process on Ulrich GmbH at "225 Chesterfield Indus., St. Louis, MO 63005."  A copy of the summons and complaint was sent to Ulrich GmbH at the St. Louis address.

Like the United States, the Federal Republic of Germany is a member of the Hague Convention on Service Abroad on Judicial and Extra-judicial Documents in Civil or Commercial Matters ("Hague Convention").  *See Volkswagenwerk Aktiengesellschaft v.*

*Schlunk*, 486 U.S. 694, 699 (1988); Art. 2, 20 U.S.T. 361, I.I.A.S. 6638, 658 U.N.T.S. 163. Ulrich GmbH is a corporation organized under the laws of the Federal Republic of Germany, so service of process on it must be carried out according to the terms of the Hague Convention. *See id.*; *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for the S.D. of Iowa*, 482 U.S. 522, 534 n.15 (1987); Fed. R. Civ. P. 4(f)(1) ("Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United states: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention . . . ."), 4(h)(2) ("Unless federal law provides otherwise, . . . a domestic or foreign corporation . . . must be served: (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) . . . "), 4(l)(2) ("Service not within any judicial district of the United States must be provided as follows: (A) if made under 4(f)(1), as provided in the applicable treaty or convention . . . ").  Because the service of process on Ulrich GmbH does not comply with the Hague Convention as required, it is due to be quashed, and Defendant's Motion is due to be granted.

## V.  CONCLUSION

For the reasons set forth above, it is hereby ORDERED as follows:

(1) That Defendant's Motion to Dismiss (Doc. # 4) is GRANTED and all claims against Ulrich USA are DISMISSED without prejudice;

(2) That Defendant's Motion to Quash (Doc. # 5) is GRANTED and the purported service of process on Ulrich GmbH is QUASHED; and

(3) Plaintiffs shall effect service of process on Ulrich GmbH in compliance with the Hague Convention and the Federal Rules of Civil Procedure on or before **June 30, 2009**.

13

Upon failure to either properly effect service or show good cause why service was not made within the specified time, the Court will dismiss the claims against Ulrich GmbH with prejudice without further notice pursuant to Rule 4(m).

DONE this the 25th day of March, 2009.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE