IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RICHARD EDWARD FRYE, *et al.*,    )
                                  )
        Plaintiff,                )
                                  )
v.                                )    CASE NO. 3:08-cv-158-MEF
                                  )
ULRICH GMBH & CO. KG, *et al.*,   )    (WO−Publish)
                                  )
        Defendants.               )

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on Defendant Ulrich GmbH & Co. KG's

("Ulrich GmbH") Motion to Dismiss for Lack of Personal Jurisdiction (Doc. # 33),

filed on June 23, 2009.  The Court will deny this motion.  Under the waiver-and-

consolidation provisions of Federal Rules of Civil Procedure 12(g) and (h), Ulrich

GmbH has waived its personal-jurisdiction defense.

Richard Edward Frye and Frauke Shepard-Frye ("the plaintiffs") filed this

suit against Ulrich GmbH, a German entity, and Ulrich Medical USA, Inc.

("Ulrich USA"), a U.S. entity, in the Circuit Court for Macon County, Alabama,

on January 23, 2008.  On March 6, 2008, Ulrich USA removed the case to federal

court, (*see* Doc. # 1), and Ulrich GmbH joined in the removal, stating:

> By joining in and consenting to removal of this action, Ulrich GmbH
> expressly reserves all rights and defenses that it is entitled to assert, and
> in no way does Ulrich GmbH waive its right to proper and legal service
> of process, nor does it consent to this Court's personal jurisdiction.

(Doc. # 2 at 1–2.)  On the same day, Ulrich GmbH also filed a motion challenging the sufficiency of service of process under Rule 12(b)(5).  (*See* Doc. # 5.)  In the motion, Ulrich GmbH asserted that it was "appear[ing] specially, not to be construed as a general appearance for purposes of this litigation, for the limited purpose of moving this Court for an Order to quash the Plaintiffs' attempt at service of process upon it."  (*Id.* at 1.)  The Court granted the motion to quash on March 25, 2009.  (*See* Doc. # 27.)[1]

Ulrich GmbH now moves to dismiss this case under Rule 12(b)(2) for lack of personal jurisdiction.  The plaintiffs oppose the motion, arguing that Ulrich GmbH has waived its Rule 12(b)(2) personal-jurisdiction defense by failing to raise it in its Rule 12(b)(5) motion to quash.  This Court agrees.

Under Rule 12's waiver-and-consolidation provisions, a defendant waives its Rule 12(b)(2) personal-jurisdiction defense if it makes a pre-answer motion under Rule 12 and fails to raise its personal-jurisdiction defense in that motion. *See* Fed. R. Civ. P. 12(b), (g)(2), (h)(1)[2]; *Hemispherx Biopharma, Inc. v.*

---

[1] In the same Memorandum Opinion and Order, the Court also granted Ulrich USA's motion to dismiss for lack of personal jurisdiction.  (*Id.*)

[2] Rule12(g)(2) states: "[A] party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  Rule 12(h)(1) states: "A party waives any defense listed in Rule 12(b)(2)–(5) [e.g., a personal-jurisdiction defense] by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2) . . . ."

*Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008) (citing *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)) ("Simply put, a litigant must cite each separate Rule 12(b) defense in the pre-answer motion or if no pre-answer motion is filed, then in the responsive pleading. Citing one Rule 12(b) defense in the hope that it will sufficiently raise another defense is not permissible."). Ulrich GmbH made a pre-answer motion under Rule 12(b)(5) challenging the sufficiency of service of process and failed to object to personal jurisdiction in that motion. Therefore, Ulrich GmbH has waived its Rule 12(b)(2) personal-jurisdiction defense.

Further, Ulrich GmbH cannot bypass Rule 12's waiver-and-consolidation provisions by using the now-obsolete procedural device known as a "special appearance." *See Shutts v. Precision Assessment Tech. Corp.*, No. 6:08-cv-2191, 2009 WL 960103, at *1–2 (M.D. Fla. Apr. 6, 2009) (finding that a defendant had waived any Rule 12(b)(2) personal-jurisdiction defense it might have had when it made a pre-answer motion under Rule 12(b)(3) objecting to improper venue and failed to object to personal jurisdiction in the motion, even though the defendant asserted in the motion that it was making a special appearance to challenge the venue "without submitting itself to the jurisdiction" of the court). The text of Rule 12 does not permit a litigant to obviate the waiver-and-consolidation provisions

3

merely by saying that they do not apply, and allowing a litigant to do so would frustrate the underlying policy of the waiver-and-consolidation provisions, which is to encourage the consolidation of motions and discourage the dilatory tactic of making them in a series.[3]

Accordingly, it is hereby ORDERED as follows:

1.    Ulrich GmbH's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. # 33), filed on June 23, 2009, is DENIED.

2.    The plaintiffs' Motion to Strike Defendant's Reply to Plaintiffs' Response in Opposition to Motion [to] Dismiss (Doc. # 39), filed on July 30, 2009, is DENIED as moot.

3.    Pursuant to 28 U.S.C. § 636(b)(1), this case is REFERRED to U.S. Magistrate Judge Susan Russ Walker for all pretrial proceedings and the entry of any orders or recommendations as may be appropriate.

DONE this the 30th day of March, 2010.


_____/s/ Mark E. Fuller_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] In addition, Ulrich GmbH's withholding of its consent to personal jurisdiction in its joinder to Ulrich USA's removal of this case is irrelevant for a more fundamental reason: the joinder is not a Rule 12 pre-answer motion or a responsive pleading.