IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RICHARD EDWARD FRYE, *et al.*, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 3:08-cv-158-MEF |
| ) | |
| ULRICH GMBH & CO. KG, *et al.*, ) | (WO—Publish) |
| ) | |
| Defendants. ) | |

# **MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Defendant Ulrich GmbH & Co.'s ("Ulrich") Motion to Reconsider, or in the Alternative, Motion to Certify for Interlocutory Appeal (Doc. # 51), filed on April 9, 2010. The Court will deny the motion to reconsider and grant the motion to certify for interlocutory appeal.

**1.    Motion to Reconsider**

The Court affirms its March 30, 2010 ruling. (*See* Doc. # 49.) Federal Rules 12(g)(2) and 12(h)(1) are clear and unequivocal: a party waives its Rule 12(b)(2) personal-jurisdiction defense if it omits that defense from its first 12(b) motion. In this case, Ulrich filed a Rule 12(b)(5) motion to quash service of process and failed to object to personal jurisdiction in that motion. Therefore, according to the plain language of Rules 12(g)(2) and 12(h)(1), Ulrich has waived its personal-jurisdiction defense.

Ulrich makes two counter-arguments. First, it argues that by the time it had filed its motion to quash, it had already expressly objected to personal jurisdiction in several earlier filings. This argument is without merit. According to the text of Rule 12(g)(2), a party may not raise a defense that is subject to waiver if that defense was "omitted from its earlier *motion*." Fed. R. Civ. P. 12(g)(2) (emphasis added). In other words, in determining if a party has failed to raise a defense that is subject to waiver, a court may not look beyond the four corners of the party's first Rule 12(b) pre-answer motion.

In this case, Ulrich does not argue that any of its earlier filings constituted a Rule 12(b) motion challenging personal jurisdiction. Thus, its failure to raise its personal-jurisdiction defense in its first Rule 12(b) motion—i.e., the motion to quash—is not cured by any other earlier filing.[1]

Second, Ulrich argues that regardless of any other filing, this Court was wrong when it ruled that Ulrich did not raise its personal-jurisdiction defense in the motion to quash. Specifically, Ulrich points to language in the introductory paragraph of the motion to quash stating that Ulrich was "appear[ing] specially, not to be construed as a general appearance for purposes of this litigation, for the

---

[1] Moreover, none of Ulrich GmbH's earlier filings are "pleadings" as that term is defined in Rule 7(a). Therefore, contrary to Ulrich GmbH's argument in its motion to reconsider, Rule 8(e)'s requirement that pleadings "be construed so as to do justice" does not apply.

limited purpose of moving this Court for an Order to quash the Plaintiff's attempt at service of process upon it." (Doc. # 5 at 1.)

To support its contention that this statement alone is sufficient to raise an objection to personal jurisdiction, Ulrich relies on *Phat Fashions LLC v. Phat Game Athletic Apparel, Inc.*, No. 00-cv-201, 2001 WL 1041990 (S.D.N.Y. Sept. 7, 2001), and several cases like it. In *Phat Fashions*, the district court ruled that even though the defendant had not expressly objected to personal jurisdiction in its answer, it nevertheless had raised an objection to personal jurisdiction by asserting a general denial in its answer to all of the allegations in the plaintiff's complaint, which included a specific allegation of personal jurisdiction. *Id.* at *3. *Phat Fashions* and the cases like it are not on point, and thus this Court sees no reason to amend its earlier holding that the special-appearance language in the motion to quash is insufficient to raise a personal-jurisdiction defense.

There is a meaningful difference between the rules of construction for pleadings (e.g., the answer in *Phat Fashions*) and the rules of construction for Rule 12(b) motions (e.g., the motion to quash in this case): Rule 12(b) motions are not subject to Rule 8(e)'s "construed so as to do justice" requirement. Therefore, this Court is not required to read the special-appearance language liberally, nor must it give Ulrich the benefit of the doubt when deciding if that language is

3

sufficient to raise an objection to personal jurisdiction.

Unlike the defendant in *Phat Fashions*, Ulrich has not denied a *specific* allegation of personal jurisdiction in the plaintiffs' complaint. The special-appearance language is at best a general denial, and, standing alone, it is much too broad to raise a specific Rule 12(b) defense. In fact, the language could be read to encompass not only a potential objection to personal jurisdiction, but also potential objections to venue and subject-matter jurisdiction. It is axiomatic that language purporting to raise a certain defense is not specific enough to do so if it could raise more than one type of Rule 12(b) defense and the court cannot discern which defense the party intends to raise.

As this Court explained in its earlier ruling, the procedural vehicle by which Ulrich has attempted to raise its personal-jurisdiction defense—the "special appearance"—is no longer part of federal procedural law.  it is clear to this Court that Ulrich's intent in including the special-appearance language in the introductory paragraph of the motion to quash was not to raise any specific defense, but to preserve its other jurisdictional defenses (other than its challenge to service of process) for a later motion. Moreover, this Court believes that Ulrich would probably agree with this assessment of its intent, especially since Ulrich argues in its motion to reconsider that a defendant may preserve any defense that

4

is subject to waiver simply by notifying the plaintiff of its intent to raise that defense at a later time.  In this respect, Ulrich argues, the rules regarding pre-answer motions are the same as the rules regarding responsive pleadings, which permit a defendant to preserve all of its defenses—including its jurisdictional defenses—by asserting those defenses in its answer.

But this argument is unavailing.  Putting aside the question of whether the special-appearance language in the motion to quash was specific enough to raise a personal-jurisdiction defense, Ulrich's "preservation by notice" strategy is precisely the kind of motion practice that Rules 12(g)(2) and 12(h)(1) are designed to prevent.  Those rules are not designed to ensure that the defendant provides the plaintiff with notice of the defendant's jurisdictional defenses; rather, as this Court explained in its earlier ruling, they are designed to encourage the consolidation of, and discourage the sequential filing of, pre-answer motions.  This policy goal would be substantially undermined if defendants were permitted to employ a "preservation by notice" strategy.

Thus, the Court stands by its original ruling: Ulrich was required to raise its objection to personal jurisdiction in the same pre-answer motion as its challenge to service of process.  It failed to do so, and as a result, it cannot raise its objection to personal jurisdiction now.  The Court will deny the motion to reconsider.

**2.      Motion to Certify for Interlocutory Appeal**

The Court's ruling on the motion to reconsider notwithstanding, the Court agrees with Ulrich that the primary questions presented in its motion are pure, abstract questions of law on which there is minimal Eleventh Circuit case law.  In addition, the Court agrees with Ulrich that the resolution of these legal questions in Ulrich's favor would likely end this case because Ulrich's argument against the exercise of personal jurisdiction is strong on the merits.  Therefore, this Court will grant the motion to certify for interlocutory appeal.

**3.      Conclusion**

Accordingly, it is hereby ORDERED as follows:

1.      Ulrich GmbH's Motion to Reconsider, or in the Alternative, Motion to Certify for Interlocutory Appeal (Doc. # 51), filed on April 9, 2010, is DENIED with respect to the motion to reconsider and GRANTED with respect to the motion to certify for interlocutory appeal.

2.      The plaintiffs' Motion to Deny Motion to Reconsider, or in the Alternative, Motion to Deny Motion to Certify for Interlocutory Appeal (Doc. # 55), filed on July 30, 2009, is DENIED AS MOOT.

DONE this the 11th day of August, 2010.

                                          /s/ Mark E. Fuller
                                  CHIEF UNITED STATES DISTRICT JUDGE